JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Lori Coyle, et al

**DEFENDANTS**
Nordic Track, Inc, et al

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Christopher R. Durso, Esq.
5 Split Rock Drive
Cherry Hill, NJ 08003 (856) 489-9746

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [X] 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 28 Sec 1391(a)(b)

Brief description of cause:
Product Liability

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** in excess of $75K

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE 11/30/21

SIGNATURE OF ATTORNEY OF RECORD
*Chris Durso*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**ROSENBAUM & ASSOCIATES, P.C.**
By: CHRISTOHER R. DURSO, ESQUIRE-#013822002
5 Split Rock Drive
Cherry Hill, NJ 08003(8
(856) 489-9746

Attorney for Plaintiffs

| | |
|---|---|
| **LORI COYLE and MICHAEL COYLE, as h/w**<br>7 Penlaw Road<br>Lawrence Township, NJ 08648<br><br>vs.<br><br>**NORDIC TRACK, INC.**<br>1500 South 1000 West<br>Logan, UT 84321<br>and<br>**HEALTH RIDER, INC.**<br>1500 South 1000 West<br>Logan, UT 84321<br>and<br>**ICON HEALTH & FITNESS, INC.**<br>1500 South 1000 West<br>Logan, UT 84321<br>and<br>**JOHN DOE** (1-10) (Fictitious Names)<br>**and**<br>**JOHN DOE** (11-20) (Fictitious Names) | **COMPLAINT AND DEMAND**<br><br>**FOR TRIAL BY JURY** |

Plaintiffs, Lori Coyle and Michael Coyle, are husband and wife, with their domicile being 7 Penlaw Road, Lawrence Township, New Jersey, 08648 say:

1. The plaintiffs, Lori Coyle and Michael Coyle, are husband and wife and citizens of the State of New Jersey, residing at the above captioned address.

2. The defendant, Nordic Track, Inc., is a corporation regularly conducting business within the State of New Jersey, County of Mercer, and is a Utah Corporation with a principal place of business at 1500 South 1000 West, Logan, UT 84321.

3. The defendant, Health Rider, Inc., is a corporation regularly conducting business within the State of New Jersey, County of Mercer, and is a Utah Corporation with a principal place of business at 1500 South 1000 West, Logan, UT 84321.

4. The defendant, Icon Health & Fitness, Inc., is a corporation regularly conducting business within the State of New Jersey, County of Mercer, and is a Utah Corporation with a principal place of business at 1500 South 1000 West, Logan, UT 84321.

5. The defendants, John Does (1-10), are individuals, corporations and/or other entities whose identities, after reasonable investigation, are currently unknown, but at all times relevant hereto were in the business of the manufacturing, sale and distribution of a certain Nordic Track Treadmill T7.5 S, Item Number NTL19819, involved herein.

6. The jurisdiction of the court is hereby invoked pursuant to United States Code, Title 28, Sec. 1332, which states that the District Court shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

7. Venue is sought in the U.S. District Court for the District of New Jersey, since all acts that arose from this complaint took place within the U.S. District Court for the District of New Jersey.

8. Venue is sought in the U.S. District Court of the District of New Jersey pursuant to U.S. Code, Federal Statute, Title 28, Sec. 1391(a)(2), which states that a civil action wherein jurisdiction is founded on diversity of citizenship may, except as otherwise provided by law, be brought in the judicial district where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

9. At all times relevant hereto the defendants acted through their agents, servants, workmen and employees and the doctrine of <u>Respondeat Superior</u> is invoked herein.

10. At all times relevant hereto, all defendants were acting as the agents, servants, workmen and/or employees of all other named defendants.

11. In March or April of 2019, plaintiffs purchased from defendants a Nordic Track Treadmill T7.5 S, Item Number NTL19819, involved herein.

12. On or about the 26th day of December, 2020, plaintiff Lori Coyle was utilizing the aforementioned treadmill in her home when said treadmill malfunctioned, causing plaintiff to lose her balance and fall, a result of which caused plaintiff to sustain serious and severe injuries more fully set forth herein.

13. The defendants knew or should have known of the existence of the hazardous and dangerous condition of the aforementioned treadmill.

14. As a result of the negligence of said defendants, the plaintiff, Lori Coyle, suffered bodily injuries, including but not limited to her neck, shoulder and knees, which are serious and permanent, required medical attention, caused her to suffer great pain and will cause her to suffer pain and medical expense and require medical attention in the future.

15. The aforesaid accident was caused solely and exclusively by the defendants, their agents, servants, and/or employees, as hereinafter more fully set forth, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff herein.

16. As a result of said accident, plaintiff, Lori Coyle, has incurred expenses for the treatment of injuries and wage loss.

17. As a further result of said accident plaintiff has suffered wage loss and a permanent and diminished loss in her present and future earning capacity.

18. As a further result of the aforesaid accident, plaintiff has been unable in the past, and is likely to continue to be unable in the future, to attend to plaintiff's usual duties,

activities, vocations and avocations, all to plaintiff's great financial loss and detriment.

## COUNT I

### PLAINTIFF, LORI COYLE, vs. ALL DEFENDANTS

19. The plaintiff, Lori Coyle, hereby incorporates by reference herein the allegations contained in the preceding paragraphs of this Complaint as though same were fully set forth at length herein.

20. The carelessness and/or negligence of the defendants, Nordic Track, Inc., Health Rider, Inc., Icon Health and Fitness, Inc. and John Does (1-10), consisted of the following:

   a. Failing to maintain said Nordic Track Treadmill T7.5 S, Item Number NTL19819, in a safe and reasonable condition for persons such as the plaintiff using said Nordic Track Treadmill T7.5 S, Item Number NTL19819;

   b. Failing to reasonably inspect the aforesaid treadmill to ascertain the existence of the negligent condition when defendants knew or should have known of the existence of said negligent condition;

   c. Failing to warn consumers such as plaintiff of the negligent and/or defective condition;

   d. Failing to properly and adequately repair said defective condition;

   e. Failing to respond to requests to repair said defective condition;

21. The negligence, carelessness and recklessness of the defendants, Nordic Track, Inc., Health Rider, Inc., Icon Health and Fitness, Inc. and John Does (1-10), consisted of, but is not limited to, the following:

   a. Failure to adequately warn of the inherent dangerous propensities of the product;

   b. Failure to adequately provide for protective measures against failure of the product;

   c. Failure to employ adequate measures in the assembly, design, manufacture, and production of the product;

d. Failure to protect the product from ceasing to function properly;

e. Failure to inspect the product so as to prevent the accident or accidental dysfunction from occurring;

f. Failure to properly design said product in such a manner as would afford adequate protection from injury of the lawful user thereof;

g. Failure to supply adequate notices or warnings of the dangers of the product;

h. Failure to design, manufacture and assemble said product in such a manner that it could not easily become defective;

i. Failure to warn the plaintiff and/or consumers of the risk of the product;

j. Failure to exercise due care and caution in the design, assembly and manufacture of said product required under the circumstances;

k. Failure to place or install warning notices in an obvious or conspicuous place on said product;

l. Failure to place and install adequate warning notices on said product;

m. Failure to comply with various laws, regulations, and customs of the industry with regard to safety in such products including, but not limited to, the laws of the United States of America and the State of New Jersey;

n. Failure to assemble the product so as to prevent an accident;

o. Failure to properly inspect the product prior to placing it in the stream of commerce;

p. Failure to design a product with adequate materials and safety devices;

q. Distributing a defective product to the general public and to the plaintiff;

r. Advertising a defective product to the general public and to the plaintiff;

s. Failure to inspect said product prior to the purchase of said product by plaintiff and prior to plaintiff taking possession;

t. Failure to properly train, control and supervise its employees in the design, manufacture, and assembly of said product;

u. Making false representations to plaintiff and/or the installers of the product, that the product was safe for use, when in fact said product was defective and in a dangerous condition;

v.  Utilizing defective materials in the manufacture of the product; and,

w.  Failing to recall said product in a timely manner.

22. The negligence and carelessness of the defendants as set forth herein was the proximate and sole cause of the injuries to the plaintiff and the damage and expenses incurred as set forth above.

WHEREFORE, plaintiff, Lori Coyle, demands judgment against the defendants, Nordic Track, Inc., Health Rider, Inc., Icon Health and Fitness, Inc. and John Does (1-10), in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT II

### PLAINTIFF, LORI COYLE, vs. ALL DEFENDANTS

23. The plaintiff, Lori Coyle, hereby incorporates by reference herein the allegations contained in the preceding paragraphs of this Complaint as though same were fully set forth at length herein.

24. Defendants are strictly liable pursuant to Section 402(a) of the Restatement of Torts 2nd as said product was defective and unreasonably dangerous at the time it was distributed and defendants failed to warn plaintiff and other prospective users of the said defects and dangers.

25. As a result of the said defects and/or other reasonably dangerous propensities of the product, plaintiff was caused to sustain the injuries and damages as set forth herein.

WHEREFORE, plaintiff, Lori Coyle, demands judgment against defendants, Nordic Track, Inc., Health Rider, Inc., Icon Health and Fitness, Inc. and John Does (1-10), in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT III

## PLAINTIFF, LORI COYLE, vs. ALL DEFENDANTS

26. The plaintiff, Lori Coyle, hereby incorporates by reference herein the allegations contained in the preceding paragraphs of this Complaint as though same were fully set forth at length herein.

27. The plaintiff avers that the defendants are liable for the injuries to the plaintiff, and for the resulting damages, in that the product was defectively designed and manufactured and in a defective condition when sold to the plaintiff thereby violating the express warranties.

28. The plaintiff relied upon the skill and judgment of defendants and upon defendants' express warranty that the product was safe.

29. As a result of the defects in material and workmanship, defendants breached their express warranty that the product was in a marketable condition, safe for use by ultimate users and in particular the plaintiff.

30. The injuries and damages as set forth herein were caused by the breach of the express warranty by defendants.

WHEREFORE, plaintiff, Lori Coyle, demands judgment against defendants, Nordic Track, Inc., Health Rider, Inc., Icon Health and Fitness, Inc. and John Does (1-10), in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT IV

## PLAINTIFF, LORI COYLE, vs. ALL DEFENDANTS

31. The plaintiff, Lori Coyle, hereby incorporates by reference herein the allegations contained in the preceding paragraphs of this Complaint as though same were fully set forth at length herein.

32. Defendants impliedly warranted that the product, when used, was fit for the purpose for which it was designed, that it was a safe and suitable product to be

used by persons such as the plaintiff, that the product was equipped with safety features that would protect the users, and that said product was fit and suitable for that purpose. In reliance upon defendants' skill and judgment and the implied warranties of fitness for that purpose, the plaintiff used and operated the product.

33. The product was, in fact, not fit for use for its intended purpose and defendants breached the implied warranties set forth above.

34. The injuries and damages as set forth herein were caused by the breach of the express warranty by defendants.

*WHEREFORE*, plaintiff, Lori Coyle, demands judgment against defendants, Nordic Track, Inc., Health Rider, Inc., Icon Health and Fitness, Inc. and John Does (1-10), in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT V

### PLAINTIFF, MICHAEL COYLE, vs. ALL DEFENDANTS

35. The plaintiff, Michael Coyle, hereby incorporates by reference herein the allegations contained in the preceding paragraphs of this Complaint as though same were fully set forth at length herein.

36. Plaintiff avers that he is the spouse of plaintiff, Lori Coyle.

37. As a result of the aforementioned occurrence, said plaintiff has been and may in the future be required to expend various sums of money for medical services, medicines and/or x-rays in an effort to treat and cure the spouse of the injuries sustained in the occurrence and has incurred or may incur other losses for which plaintiff is entitled to be compensated.

38. Further, by reason of the aforesaid, said plaintiff has been deprived of the

assistance and society of the spouse, all of which has been to the great financial damage and loss of plaintiff.

*WHEREFORE*, plaintiff, Michael Coyle, demands judgment against defendants, Nordic Track, Inc., Health Rider, Inc., Icon Health and Fitness, Inc. and John Does (1-10), in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

**ROSENBAUM & ASSOCIATES, P.C.**

BY: *[signature]*
CHRISTOPHER R. DURSO, ESQUIRE.
Attorney for Plaintiffs

DATE:

**CERTIFICATION PURSUANT TO L. CIV.R 201.1(d)(1)**

I hereby certify that the Damages in this case exceed the amount of $75,000.00, exclusive of interests and costs and any claim for punitive damages.

**ROSENBAUM & ASSOCIATES, P.C.**

BY: *[signature]*
CHRISTOPHER R. DURSO, ESQUIRE.
Attorney for Plaintiffs

DATE: